IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID AARON JOHNSON,       ) | |
|     Petitioner,       ) | |
| vs.       ) | No. 3:18-CV-707-G (BH) |
|           ) | |
| M. UNDERWOOD,       ) | Referred to U.S. Magistrate Judge |
| Warden, FCI Seagoville,       ) | |
|     Respondent.       ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241, received on March 23, 2018 (doc. 3), should be **DENIED** with prejudice.

**I. BACKGROUND**

David Aaron Johnson (Petitioner), a prisoner incarcerated in the Federal Correctional Institution in Seagoville, Texas, (FCI-Seagoville), challenges his conviction and sentence under 28 U.S.C. § 2241. The respondent is M. Underwood, the Warden of FCI-Seagoville.

On March 22, 2006, in the United States District Court for the Northern District of Texas, Lubbock Division, Petitioner was charged by superseding indictment with conspiracy to commit bank and credit union robbery in violation of 18 U.S.C. § 371 (count one); aggravated bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (counts two and three); bank robbery in violation of 18 U.S.C. § 2113(a) (count four and five); aggravated credit union robbery in violation of 18 U.S.C. § 2113(a) and (d) (counts six and eight); and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (counts seven and nine). (*See* No. 5:06-CR-008-C(2), doc. 55.) He pled guilty to counts eight and nine on April 27, 2006. (*See id.*, docs. 67-

69.) On July 21, 2006, he was sentenced to 240 months' imprisonment for count eight and to 84 months' imprisonment for count nine, for a total imprisonment range of 324 months. (*See id.*, doc. 102.)

Petitioner filed a notice of appeal in October 2006, and it was dismissed as untimely. (*See id.*, doc. 134); *United States v. Johnson*, No. 06-11113 (5th Cir. Nov. 9, 2006). In 2009, he filed a motion to vacate under 28 U.S.C. § 2255 that was dismissed as barred by the statute of limitations on December 14, 2011. *Johnson v. United States*, No. 5:09-CV-240-C (N.D. Tex. Dec. 14, 2011).

Petitioner's § 2241 petition relies on the savings clause of 28 U.S.C. § 2255(e) and raises the following grounds:

> (1) The robbery in count eight was not a crime of violence, so he should not have been convicted of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) in count nine, in light of *Descamps v. United States*, 133 S.Ct. 2276 (2013); *Mathis v. United States*, 136 S.Ct. 2243 (2016); and *Freeman v. United States*, 564 U.S. 522 (2011);
>
> (2) A jury should have determined whether he brandished a firearm, in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013);
>
> (3) The mandatory consecutive sentence under § 924(c) (count nine) should have been taken into account in the determination of the sentence for the robbery (count eight), in light of *Dean v. United States*, 137 S.Ct. 1170 (2017).

(*See* docs. 3 at 6-7; 4 at 12-13, 21-23, 29.)

## II. SAVINGS CLAUSE

Generally, a writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle to challenge the manner in which a sentence is carried out, and claims of alleged errors that occurred at sentencing are properly raised in a motion under 28 U.S.C. § 2255. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000) (citing *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)). A petitioner may challenge the legality of his detention in a § 2241 petition under the "savings clause"

of § 2255, however. *Padilla*, 416 F.3d at 426. It provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

To show that a § 2255 motion is either ineffective or inadequate to test the legality of his detention, a petitioner must demonstrate that: (1) his claim is based on a Supreme Court decision that is retroactively applicable on collateral review and that establishes that he may have been convicted of a nonexistent offense, and (2) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in a prior § 2255 petition. *Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

**A.** **Crime of Violence**

Petitioner contends that the robbery in count eight was not a crime of violence, so he should not have been convicted of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) in count nine based on *Descamps*, *Mathis*, and *Freeman*.

Contrary to Petitioner's argument, the federal crime of bank robbery under § 2113 is a crime of violence under § 924(c). *See United States v. Ward*, 698 F. App'x 178 (5th Cir. 2017).

With regard to *Descamps* and *Mathis*, the Supreme Court in each case set out the analysis for determining whether a statute is divisible, as well as the type of categorical approach to use in analyzing a statutory offense to determine whether it is a crime of violence. *See Mathis*, 136 S.Ct. at 2249; and *Descamps*, 133 S.Ct. at 2281. *Descamps* and *Mathis* did not announce a new rule of law made retroactively applicable to cases on collateral review, however. *See United States v.*

3

*Morgan*, 845 F.3d 664, (5th Cir. 2017) (*Descamps* did not announce a new rule of law that was retroactively applicable to cases on collateral review); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive § 2255 motion that relied on *Mathis* because *Mathis* did not announce a new rule of constitutional law that was retroactively applicable to cases on collateral review). Petitioner is therefore not entitled to relief under the savings clause on this basis.

In *Freeman*, the Supreme Court held that a defendant may be eligible for a sentence reduction based on a retroactive amendment to the sentencing guidelines even if the sentence was part of a plea agreement. *Freeman v. United States*, 564 U.S. at 533. Petitioner's claim does not relate to an amendment to the sentencing guidelines, so *Freeman* does not apply.

**B.**   *Alleyne*

Petitioner also contends that a jury should have determined whether he brandished a firearm in light of *Alleyne*.

If a person uses or carries a firearm during and in relation to a crime of violence, or possesses a firearm in furtherance of a crime of violence, he shall be sentenced to a term of imprisonment of not less than five years. 18 U.S.C. § 924(c)(1)(A)(i). If the firearm is brandished, the sentence shall be for imprisonment of not less than seven years (84 months). § 924(c)(1)(A)(ii); *see United States v. Chapman*, 851 F.3d 363, 373 n.4 (5th Cir. 2017) (if a firearm was brandished, the mandatory minimum sentence is seven years' imprisonment). Because Petitioner brandished a firearm, the mandatory minimum sentence for count nine was seven years (84 months).

In *Alleyne*, the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2163. Petitioner is not entitled to relief because *Alleyne* is not retroactively applicable to

4

cases on collateral review. *See Almonte v. Vasquez*, 637 F. App'x 181, 182 (5th Cir. 2016) (*Alleyne* is not a basis for relief under the savings clause because it is not retroactive).

**C.    *Dean***

Petitioner also contends that the mandatory consecutive sentence under § 924(c) (count nine) should have been taken into account in the determination of the sentence for the robbery (count eight), in light of *Dean*.

Section 924(c)(1)(D)(ii) provides that sentences for § 924(c) offenses cannot be concurrent with any other sentences. *See United States v. Chapman*, 851 F.3d 363, 373 n.5 (5th Cir. 2017) ("[a]ny sentence under § 924(c) must be consecutive to any other sentence a defendant receives").

In *Dean*, the Supreme Court held that a court may take into account that a mandatory minimum sentence was required under § 924(c) (using firearm in crime of violence) in determining the sentence for the predicate crime of violence. *Dean*, 137 S.Ct. at 1176-77. Because *Dean* is not retroactively applicable to cases on collateral review, Petitioner has not shown he is not entitled to relief under the savings clause on this basis. *See In re Dockery*, 869 F.3d 356 (5th Cir. 2017) (movant for authorization to file a successive § 2255 motion did not show that *Dean* announced a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court).

In conclusion, Petitioner has not shown that he is entitled to relief under the savings clause.

## V.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DENIED** with prejudice.

**SIGNED this 2nd day of April, 2017.**

                                           IRMA CARRILLO RAMIREZ
                                           UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                           IRMA CARRILLO RAMIREZ
                                           UNITED STATES MAGISTRATE JUDGE